UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SEALED**

UNITED STATES OF AMERICA

v.                                           CASE NO. 6:24-cr- 53- RBD- RMN
                                             18 U.S.C. § 1349
                                             18 U.S.C. § 1343
SHAWN MICHAEL SIMMERER                       18 U.S.C. § 287
SETH DOWNES

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

### A.    Introduction

At times material to this Indictment:

1.     The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

2.     In March 2020, the Coronavirus Aid, Relief, and Economic Security Act, or the "CARES Act," was enacted to provide immediate assistance to individuals, families, and organizations affected by the COVID-19 emergency. Among its various

provisions, the CARES Act authorized the SBA to guarantee loans under the Paycheck Protection Program ("PPP"), and the full principal amount of the loans could qualify for forgiveness.

3.     Borrowers were required to use PPP loan proceeds only for enumerated purposes, including payroll costs, rent and utilities, and mortgage interest payments. Knowing misuse of PPP funds would subject borrowers to additional liability, such as charges for fraud.

4.     Under the PPP, the maximum loan amount was the lesser of $10 million or an amount calculated using a payroll-based formula specified in the CARES Act. The payroll-based formula considered the borrower's total payroll costs from the preceding twelve months for all domestic employees. Once an average monthly payroll cost was established, the borrower would multiply that figure by 2.5 to arrive at a total maximum PPP loan amount. This payroll-based formula expressly excluded the compensation of an individual employee in excess of an annual salary of $100,000, prorated as necessary, and, with limited exceptions, businesses with more than 500 employees did not qualify to obtain PPP loans.

5.     To apply for a PPP loan, a potential borrower electronically submitted an SBA Form 2483 with supporting payroll documentation to a financial institution that would administer the loan and serve as custodian of the funds. On the SBA Form 2483, an authorized representative of the business was required to certify information regarding business operations. Those certifications included that: (i) the applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and

payroll taxes or paid independent contractors, as reported on a Form 1099-MISC; (ii) current economic uncertainty made the loan request necessary to support the applicant's ongoing operations; and (iii) the PPP funds would be used to retain workers and to maintain payroll or pay other qualifying expenses.

6.    Further, when submitting the SBA Form 2483, the authorized representative certified his understanding that, should the PPP funds be knowingly used for unauthorized purposes, the United States could hold him legally liable, including for charges of fraud. The applicant was also required to certify the truth and accuracy of any information provided on the SBA Form 2483 and in all supporting documents, including any documents submitted to verify the applicant's payroll expenses. Such supporting documents could include payroll processor records, bank records, wage records, payroll tax filings with the Internal Revenue Service, or other records sufficient to demonstrate the qualifying payroll amount.

7.    Finally, the applicant was required to certify the following warning regarding false statements and other criminal penalties:

> I understand that knowingly making a false statement to obtain a
> guaranteed loan from SBA is punishable under the law, including
> under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more
> than five years and/or a fine of up to $250,000; under 15 U.S.C.
> § 645 by imprisonment of not more than two years and/or a fine
> of not more than $5,000; and, if submitted to a federally insured
> institution, under 18 U.S.C. § 1014 by imprisonment of not more
> than thirty years and/or a fine of not more than $1,000,000.

3

8.      PPP loan applications would then be processed by participating lenders. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information from the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

9.      Your 10 Life Foundation is a Tax Exempt 501(c)(3) non-profit organization registered in Arizona with an EIN ending in 0011. This entity was incorporated in or around June 2019. SHAWN MICHAEL SIMMERER and SETH DOWNES are the owners and operators of this entity.

10.     Your 10 Life Trainings is a Tax Exempt 501(c)(3) non-profit organization registered in Arizona with an EIN ending in 0071. This entity was incorporated in or around July 2019. SHAWN MICHAEL SIMMERER and SETH DOWNES are the owners and operators of this entity.

11.     Simmerer-Downes Enterprises is a business entity with an EIN ending in 8087, owned and operated by SHAWN MICHAEL SIMMERER and SETH DOWNES.

**B.**    **The Scheme and Artifice**

12.    Beginning on or about an unknown date but at least by or about April 2020, and continuing through in or about July 2021, in the Middle District of Florida, and elsewhere, the defendants,

**SHAWN MICHAEL SIMMERER,**
and
**SETH DOWNES,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury to commit wire fraud, by knowingly and with intent to defraud devising and intending to devise a scheme and artifice to defraud, and for obtaining money and property, by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing the aforesaid scheme and artifice to defraud, knowingly transmitting and causing to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

**C. Manner and Means**

13.    The manner and means of the conspiracy included the following:

a.    It was part of the conspiracy and scheme and artifice to defraud that SHAWN MICHAEL SIMMERER would and did submit and cause the submission of a false and fraudulent PPP loan application to Lender-1 on behalf of Your 10 Life Foundation seeking a PPP loan from the SBA on or about April 3, 2020.

5

b.     It was further part of the conspiracy and scheme and artifice to defraud that SHAWN MICHAEL SIMMERER would and did falsely and fraudulently represent that Your 10 Life Foundation, had 10 employees with an average monthly payroll of $67,115.66.

c.     It was further part of the conspiracy and scheme and artifice to defraud that SHAWN MICHAEL SIMMERER would and did submit supporting documentation to Lender-1, including, among others a "confidential Internal payroll report."

d.     It was further part of the conspiracy and scheme and artifice to defraud that SHAWN MICHAEL SIMMERER would and did certify on the PPP loan application for Your 10 Life Foundation that neither the entity nor any owner of the entity owned another business or had common management with any other business, whereas SHAWN MICHAEL SIMMERER knew, in truth and in fact, that they owned and controlled other businesses.

e.     It was further part of the conspiracy and scheme and artifice to defraud that SHAWN MICHAEL SIMMERER electronically filed an application for loan forgiveness regarding SBA loan number 8372947100, on or about January 1, 2021, in which he listed a false and fraudulent amount of payroll paid, which was granted in the amount of $100,108 in principal and $953.65 in interest on or about March 8, 2021.

f.     It was further part of the conspiracy and scheme and artifice to defraud that SHAWN MICHAEL SIMMERER, would and did submit and cause the

6

submission of a false and fraudulent PPP loan application to the Lender-2 on behalf of Simmerer-Downes enterprises seeking a PPP loan from the SBA on or about April 22, 2020.

g.      It was further part of the conspiracy and scheme and artifice to defraud that SHAWN MICHAEL SIMMERER would and did falsely and fraudulently represent that Simmerer-Downes enterprises, had 2 employees with an average monthly payroll of $16,904, when in truth and in fact no payroll payments were ever paid by this entity.

h.      It was further part of the conspiracy and scheme and artifice to defraud that SETH DOWNES would and did submit and cause the submission of a false and fraudulent PPP loan application to the Lender-2 on behalf of Your 10 Life Trainings, seeking a PPP loan from the SBA on or about June 19, 2020.

i.      It was further part of the conspiracy and scheme and artifice to defraud that SETH DOWNES would and did falsely and fraudulently represent that Your 10 Life Trainings, had 11 employees with an average monthly payroll of $77,600.

j.      It was further part of the conspiracy and scheme and artifice to defraud that SETH DOWNES would and did submit supporting documentation to the Lender-2, including, among others an average monthly Payroll worksheet and Internal payroll report and a quarterly 941 tax return that was never filed with the IRS.

k.      It was further part of the conspiracy and scheme and artifice to defraud that SETH DOWNES would and did certify on the PPP loan application for Your 10 Life Trainings, that neither the entity nor any owner of the entity owned

7

another business or had common management with any other business when SETH
DOWNES knew, in truth and in fact, that they owned and controlled other businesses.

l.       It was further part of the conspiracy and scheme and artifice to
defraud that SETH DOWNES electronically filed an application for loan forgiveness
regarding SBA loan number 1342828005, on or about June 28, 2021, in which he listed
a false and fraudulent amount of payroll paid, and that was granted in the amount of
$194,000 in principal and $1,961.56 in interest on or about July 2, 2021.

m.      It was further part of the conspiracy and scheme and artifice to
defraud that the defendants would and did use interstate wires in furtherance of the
conspiracy and scheme and artifice to defraud, including by causing interstate wires to
be used to submit applications to the Lenders and by causing interstate wires to be
used to send and receive proceeds.

n.       It was further part of the conspiracy and scheme and artifice to
defraud that the defendants would and did perform acts and make statements to hide
and conceal, and cause to be hidden and concealed, the purpose of the scheme to
defraud and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH FIVE
(Wire Fraud)

### A. Introduction

1.      The allegations contained in paragraphs one through thirteen of Count One of this Indictment are hereby realleged and incorporated herein by reference.

### B. Scheme and Artifice

2.      Beginning at a time unknown to the Grand Jury, but beginning at least by in or about April 2020, and continuing thereafter through and including in or about July 2021 in the Middle District of Florida, and elsewhere, the defendants,

**SHAWN MICHAEL SIMMERER,**
and
**SETH DOWNES,**

did knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme

3.      The manner and means utilized to accomplish the scheme and artifice to defraud are set forth in paragraph thirteen of Count One of this Indictment, which are incorporated by reference herein.

### D. Interstate Wires

4.      On or about the dates set forth below, in the Middle District of Florida,

and elsewhere, the defendant,

**SHAWN MICHAEL SIMMERER,**
and
**SETH DOWNES,**

for the purpose of executing the aforesaid scheme and artifice to defraud and for

obtaining money and property by means of materially false and fraudulent pretenses,

representations and promises, did knowingly, and with intent to defraud, transmit and

cause to be transmitted by means of wire, radio, and television communication in

interstate commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Defendant | Date | Interstate Wire |
|-------|-----------|------|-----------------|
| **TWO** | SETH DOWNES | June 19, 2020 | Submission of the PPP loan application from the Middle District of Florida to the Lender, processed using a server located outside of Florida |
| **THREE** | SETH DOWNES | July 2, 2020 | Wire transfer in the amount of $194,000 into an account at Notre Dame Credit Union controlled by Seth Downes and Shawn Michael Simmerer ending in 3751, processed using a server located outside of Florida |
| **FOUR** | SHAWN MICHAEL SIMMERER | January 1, 2021 | Submission of the PPP loan forgiveness request for loan 8372947100 from the Middle District of Florida to the Lender, processed using a server located outside of Florida |

| Count | Defendant | Date | Interstate Wire |
|-------|-----------|------|-----------------|
| **FIVE** | SETH DOWNES | June 28, 2021 | Submission of the PPP loan forgiveness request for loan number 1342828005 from the Middle District of Florida to the Lender, processed using a server located outside of Florida |

All in violation of 18 U.S.C. § 1343.

## COUNT SIX
(False Claim)

On or about November 9, 2020, in the Middle District of Florida,

**SHAWN MICHAEL SIMMERER,**

knowingly, willfully, and intentionally made and presented, and caused to be made and presented, to the Internal Revenue Service, an agency of the Department of the Treasury, a claim against the United States for payment which he knew to be materially false, fictitious and fraudulent, by preparing and causing to be prepared, and filing and causing to be filed, what purported to be the quarterly federal tax return, form 941, for Your 10 Life Foundation wherein a claim for a sick leave tax credits, family leave tax credits, and employee retention credits was made, with knowledge that such claim was materially false, fictious and fraudulent.

In violation of 18 U.S.C. § 287.

## COUNT SEVEN
(False Claim)

On or about January 14, 2021, in the Middle District of Florida,

**SHAWN MICHAEL SIMMERER,**

knowingly, willfully, and intentionally made and presented, and caused to be made and presented, to the Internal Revenue Service, an agency of the Department of the Treasury, a claim against the United States for payment which he knew to be materially false, fictitious and fraudulent, by preparing and causing to be prepared, and filing and causing to be filed, what purported to be the quarterly federal tax return, form 941, for Your 10 Life Foundation wherein a claim for a sick leave tax credits, family leave tax credits, and employee retention credits was made, with knowledge that such claim was materially false, fictious and fraudulent.

In violation of 18 U.S.C. § 287.

## COUNT EIGHT
(False Claim)

On or about April 1, 2021, in the Middle District of Florida,

**SHAWN MICHAEL SIMMERER,**

knowingly, willfully, and intentionally made and presented, and caused to be made and presented, to the Internal Revenue Service, an agency of the Department of the Treasury, a claim against the United States for payment which he knew to be materially false, fictitious and fraudulent, by preparing and causing to be prepared, and filing and causing to be filed, what purported to be the quarterly federal tax

return, form 941, for Your 10 Life Foundation wherein a claim for a sick leave tax credits, family leave tax credits, and employee retention credits was made, with knowledge that such claim was materially false, fictious and fraudulent.

In violation of 18 U.S.C. § 287.

## COUNT NINE
(False Claim)

On or about April 18, 2021, in the Middle District of Florida,

**SHAWN MICHAEL SIMMERER,**

knowingly, willfully, and intentionally made and presented, and caused to be made and presented, to the Internal Revenue Service, an agency of the Department of the Treasury, a claim against the United States for payment which he knew to be materially false, fictitious and fraudulent, by preparing and causing to be prepared, and filing and causing to be filed, what purported to be the quarterly federal tax return, form 944, for Your 10 Life Trainings wherein a claim for a sick leave tax credits, family leave tax credits, and employee retention credits was made, with knowledge that such claim was materially false, fictious and fraudulent.

In violation of 18 U.S.C. § 287.

## **FORFEITURE**

1.      The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a conspiracy of the violation of 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 and/or a violation of 18 U.S.C. § 1343, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      The property to be forfeited includes, but is not limited to, the following: an order of forfeiture in the amount of $344,300.00 which represents the proceeds of the offenses.

4.      If any of the property described above, as a result of any act or omission of the defendants:

   a.      cannot be located upon the exercise of due diligence;

   b.      has been transferred or sold to, or deposited with, a third party;

   c.      has been placed beyond the jurisdiction of the Court;

   d.      has been substantially diminished in value; or

   e.      has been commingled with other property which cannot be divided without difficulty,

14

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

ROGER B. HANDBERG
United States Attorney

By: _____
Amanda S. Daniels
Assistant United States Attorney

By: _____
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

15

## UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

### THE UNITED STATES OF AMERICA

vs.

### SHAWN MICHAEL SIMMERER
### SETH DOWNES

## INDICTMENT

Violation:

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 287

Filed in open court this 28th day of February, 2024.

_____
        Clerk

Bail   $_____